## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| ROSELAND COMMUNITY HOSPITAL, Defendant. | ) ) ) ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, female (pregnancy), and to provide appropriate relief to Charging Party Quinniya Hearn ("Charging Party") who was adversely affected by such practices. Defendant Roseland Community Hospital Inc. ("Defendant" or "Roseland") violated Title VII by discriminating against Charging Party on the basis of her sex, female (pregnancy), in that it failed to accommodate her in her then-current position or transfer her to an open position due to her pregnancy-related medical restrictions, and instead discharged her, while non-pregnant employees were accommodated and not discharged.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Northern District of Illinois.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Roseland, has continuously been doing business in the State of Illinois, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Quinniya Hearn filed a charge with the Commission alleging violations of Title VII by Defendant.

7. On February 19, 2013, found reasonable cause to determine that Roseland violated Title VII by failing to provide Quinniya Hearn with a reasonable accommodation and by terminating her.

8. On February 19, 2013, EEOC invited Roseland to engage in informal conciliation efforts to eliminate the practices found unlawful.

9. By letter dated September 26, 2013, EEOC informed Roseland that EEOC was unable to secure from Roseland a conciliation agreement acceptable to the EEOC. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least January 2012, Defendant has engaged in unlawful employment practices by discharging Quinniya Hearn from her Mental Health Counselor position because it refused to reasonably accommodate her in her position or transfer her to an open position due to her pregnancy-related medical restrictions, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1).

11. The effect of the practice(s) complained of in paragraph 10 above has been to deprive Quinniya Hearn of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex, female (pregnancy).

12. The unlawful employment practices complained of in paragraph 10 above were intentional.

13. The unlawful employment practices complained of in paragraph 10 above were done with malice or with reckless indifference to the federally protected rights of Quinniya Hearn.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in discrimination on the basis of sex and/or pregnancy.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees regardless of sex and/or pregnancy, and which eradicate the effects of its past and present unlawful employment practices.

  C. Order Defendant to make whole Quinniya Hearn by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

  D. Order Defendant to make whole Quinniya Hearn by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, in amounts to be determined at trial.

  E. Order Defendant to make whole Quinniya Hearn by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 10 above, including, but not limited to, emotional pain and suffering, in amounts to be determined at trial.

  F. Order Defendant to pay Quinniya Hearn punitive damages for its malicious and reckless conduct described in paragraph 10 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  K. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

P. David Lopez
General Counsel

Gwendolyn Young Reams
Associate General Counsel
Equal Employment Opportunity Commission
1801 "L" Street, N.W.
Washington, D.C. 20507

s/ John C. Hendrickson


   s:/ John C. Hendrickson_____
John C. Hendrickson
Regional Attorney

s/ Diane I. Smason


   s:/ Diane I. Smason_____
Diane I. Smason
Supervisory Trial Attorney

s/ June Wallace Calhoun


   s:/ June Wallace Calhoun_____
June Wallace Calhoun A.R.D.C. #06202058
Trial Attorney
Equal Employment Opportunity Commission
500 West Madison Street, Suite 2000
Chicago, Illinois 60661
(312) 869-8103, June.Calhoun@eeoc.gov